IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 19 CR 50006 |
| v. | ) | |
| | ) | Honorable Judge Philip G. Reinhard |
| BRENTON WELLS | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Mr. Brenton Wells, through the Federal Defender Program, John F. Murphy Executive Director, and Jill M. Skwor, one of his Assistants, hereby respectfully submits the following Sentencing Memorandum.

Mr. Wells has received a copy of the presentence report (PSR) prepared in this case. Mr. Wells has reviewed the PSR with undersigned counsel, and has no objections to the factual findings of the PSR. Additionally, Mr. Wells has reviewed the guidelines calculations of the PSR.

Mr. Wells agrees the base offense level is 9. Mr. Wells has clearly demonstrated his acceptance of responsibility pursuant to USSG § 3E1.1(a), and should receive a two-level reduction, for a total offense level of 7. Mr. Wells agrees with the criminal history points calculations of the PSR, and the resulting criminal history category of VI.

**Motion for Downward Departure**

Mr. Wells objects to the PSR for its failure to evaluate a downward departure pursuant to USSG 4A1.2(b)(1). Mr. Wells' criminal convictions between the years 2013 and 2016 coincide with the time in which Mr. Wells struggled with a

1

substance addiction. During this timeframe, Mr. Wells was convicted in six separate cases of retail theft, which total 14 criminal history points. Two additional retail theft cases were dismissed during this timeframe. The resulting criminal history category of VI over-represents Mr. Wells' criminal history and his likelihood to reoffend.

None of the convictions between 2013 and 2016 involved violent offenses. To the contrary, all of the convictions during this timeframe involved theft and often involved pawning of the stolen property. None of these convictions involved crimes against or threats to another individual.

In May of 2016, Mr. Wells began participating in the Winnebago County Drug Court Program. Since he began participating in the drug court program, Mr. Wells has not been convicted of other criminal activity, save the instant offense. Mr. Wells acknowledges his road to recovery was a bumpy one. Such is typical. Through the drug court program, Mr. Wells participated in both in-patient and out-patient treatment. Mr. Wells successfully completed and was discharged from treatment in April of 2019. Mr. Wells benefitted from the drug court program, and for three years avoided such law enforcement contact as had been a pattern in the three preceding years.

Therefore, the criminal history assessment pursuant to Chapter 4 over-represents the seriousness of Mr. Wells' criminal history and the likelihood that Mr. Wells will commit other crimes. See USSG 4A1.3(b)(1). A downward departure is appropriate for Mr. Wells

**Sentence Recommendation**

A sentence to a term of probation for not more than five years, is sufficient but not greater than necessary to comply with the sentencing objectives of 18 U.S.C. § 3553. A probationary sentence with the condition of a fine or community service is statutorily permissible and the most appropriate sentence for Mr. Wells.

This court must consider various factors in fashioning an appropriate sentence for Mr. Wells. Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for-- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-- (i) issued by the Sentencing Commission…;
(5) any pertinent policy statement…
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553 (2018).

The United States legislature recognized the powerful capabilities of a laser pointer and the dangerousness of aiming a laser pointer at an aircraft to the degree that it criminalized such conduct. Aiming a laser pointer at an aircraft became a federal crime on February 14, 2012. 18 U.S.C. § 39A, Pub.L. 112-95, § 311.

Recognizing that not every instance of aiming a laser pointer at an aircraft is the same, the USSC crafted USSG section 2A5.2 to account for differing circumstances.

This case should be distinguished from an individual maliciously aiming laser beams at an airport. Mr. Wells did not engage in conduct with the intention of endangering the safety of an airport or aircraft or the occupants thereof. See USSG 2A5.2(a).

Mr. Wells was standing in his own backyard when he aimed a laser pointed into the night's sky and at an object flying over his residence. Mr. Wells did not act with the express intent of harming the object, or the individuals inside. To the contrary, Mr. Wells was unaware of the power and capabilities of the laser pointer he possessed. Mr. Wells was unaware of the effect that his laser pointer had on the individuals inside the aircraft flying overhead until approached by law enforcement agents.

While Mr. Wells has a history of criminal convictions as noted above, the majority of those convictions involved instances of retail theft. Notably, those thefts occurred during a period of time in which Mr. Wells admitted to struggling with a substance addiction. Through the opportunity to participate in the Winnebago County Drug Court Program, Mr. Wells participated in and completed drug treatment. As a result, Mr. Wells had been living a sober and crime-free life.

This past year, Mr. Wells enrolled in and completed a 240-hour course and currently possesses a Commercial Driver's License (CDL). Subsequently, Mr. Wells has obtained full-time employment and currently works full-time as a delivery driver.

Mr. Wells does not contest that there may be circumstances in which pointing a laser pointer at an aircraft is inherently dangerous activity. Mr. Wells further respects that such conduct ought to be appropriately punished. A sentence of probation in this case appropriately satisfies the sentencing objectives of 18 U.S.C. § 3553(a).

A probationary sentence will serve the aim of promoting respect for the law, in that Mr. Wells will be under the supervision and jurisdiction of this court, through a probation officer. Mr. Wells will be expected to comply with the terms of probation, including that he not violate any federal, state or local law, that he refrain from possessing any controlled substance and submit to random drug testing. Mr. Wells may also be subject, as a condition of probation, to a term of (community) confinement, which would allow him to keep his job and continue working while appropriately confining and punishing Mr. Wells.

A term of incarceration is a sentence which is greater than necessary to meet the sentencing objectives of 18 U.S.C. § 3553(a). Mr. Wells has turned his life around. The conduct of the instant offense is conduct which Mr. Wells is unlikely to repeat in the future. Moreover, a probationary sentence with appropriate conditions is likely to sufficiently deter similar conduct from similarly situated defendants.

Mr. Wells agrees a mandatory $100 special assessment must be imposed in this case. Restitution does not appear to be at issue in this case.

Wherefore, Mr. Wells respectfully requests this honorable court sentence Mr. Wells to a sentence of probation in conformity with the recommendations of this

sentencing memorandum and grant such other and further relief as this court deems necessary and just.

Respectfully submitted this 26th day of November, 2019 at Rockford, Illinois.

>Federal Defender Program
>John F. Murphy
>Executive Director
>By: */s/ Jill M. Skwor*
>Jill M. Skwor
>Staff Attorney
>401 West State Street, Suite 800
>Rockford, Illinois 61101
>Tel: (815) 961-0800
>Fax: (815) 961-0804

# CERTIFICATE OF SERVICE

The undersigned, Jill M. Skwor, Staff Attorney of the Federal Defender Program, hereby certifies that in accordance with FED.R.CIV.P.5, LR5.5 and the General Order on Electronic Case Filing (ECF), the following document:

**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT AND SENTENCING MEMORANDUM**

was filed pursuant to the District Court's ECF system as to ECF filings, and a paper copy will be sent by first class mail on November 26, 2019.

    Respectfully Submitted,
    By: */s/ Jill M. Skwor*
    Staff Attorney
    Federal Defender Program

Jill M. Skwor
Federal Defender Program
401 West State Street, Suite 800
Rockford, Illinois 61101
Tel: (815) 961-0800